UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| NICHOLAS H. PARKER, JOHN S. PARKER,<br><br>     Plaintiffs,<br><br>     v.<br><br>F. BAYARD PARKER, CENTURY 21 J. EDWARDS REAL ESTATE, a/k/a, J. EDWARDS REAL ESTATE,<br><br>     Defendants,<br><br>     v.<br><br>BANK OF AMERICA, HEMISPHERE NATIONAL BANK, HYDE SHIPPING CORP., JACKSON SHIPPING CORP., SOUTHWEST BANK OF TEXAS,<br><br>     Garnishees. | Case No.: 8:04-CV-41-T26MSS<br><br>Hon.: RICHARD A. LAZZARA<br><br>PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT J.EDWARDS REAL ESTATE'S RENEWED MOTION TO VACATE DEFAULT FINAL JUDGMENT AND SET ASIDE DEFAULT |

## I.
## INTRODUCTION

J.EDWARDS contends the default judgments are void and should be set aside pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, on the basis of 1) improper service of process and 2) lack of personal jurisdiction.

For the reasons below, PLAINTIFFS oppose this motion. J.EDWARDS made a tactical decision to default, at its peril. Now that assets are seized, J.EDWARDS cries foul.

## II.
## STATEMENT OF FACTS

-1-

PLAINTIFFS' complaint was filed 9 January 2004. (Docket #1) PLAINTIFFS plead that J.EDWARDS is a business entity organized under the laws of the Republic of Honduras, with its principal place of business and residence located at Roatan, Bay Islands, Republic of Honduras, and is a non-resident of the State of Florida. (*See*, complaint, par. 4)

PLAINTIFFS plead a litany of facts showing J.EDWARDS' contacts with the United States generally and doing business in the State of Florida particularly:

1. J.EDWARDS did commit tortuous acts in Florida. (*See*, complaint, par. 5)

2. J.EDWARDS did engage in business in Florida by publicly advertising and using the Florida mailing address of Hyde Shipping Corp., 10025 N.W. 116th Way (Suite 2), Medley, State of Florida, 33178. (*See*, complaint, par. 6)

3. Representing F. BAYARD PARKER, DEFENDANT, a resident of Florida, as sales listing agent for property located in the Bay Islands, Honduras, and sending at least three specific emails to F. BAYARD PARKER when he was located at his residence in Tampa, Florida. (*See*, complaint, par. 7)

4. Owning and maintaining an escrow bank account in Florida, and recommending to F. BAYARD PARKER that deposit and pay-off funds for the sale of the property be placed in and disbursed from said escrow account, as stated in J.EDWARDS'

email to F. BAYARD PARKER dated 30 January 2003. (*See*, complaint, par. 8)

5. Bringing Stewart Title Company of America and financial lenders to service its clients in the Bay Islands, Honduras, as stated in J.EDWARDS' email to F. BAYARD PARKER, dated 4 November 2002. (*See*, complaint, par. 9)

6. Communicating with United States buyers and advising on use of its United States escrow bank account to keep deposit and pay-off funds in the United States, as stated in J.EDWARDS' email to F. BAYARD PARKER, dated 30 January 2003. (*See,* complaint, par. 9)

7. Knowledge of the settlement agreement between PLAINTIFFS and F. BAYARD PARKER, involving the defendants, which contained a choice of jurisdiction term as to enforcement in any court of competent jurisdiction in the United States. (*See*, complaint, par. 11, 58)

8. Exchanging emails with F. BAYARD PARKER, on 4 November 2004 (Exhibit 1, attached hereto), 16 November 2002 (Exhibit 2, attached hereto), 18 November 2002 (Exhibit 2, attached hereto), and 30 January 2003 (Exhibit 3, attached hereto), where J.EDWARDS conspired to secretly sell the property with sales proceeds to be paid secretly and solely to F. BAYARD PARKER, without the knowledge of PLAINTIFFS. (*See*, complaint, par. 27)

9. Exchanging emails with F. BAYARD PARKER, on 30 January 2003, and stating to F. BAYARD PARKER, that a contract offer of

approximately $344,000 by a United States buyer was imminent, and that deposit and payoff funds should remain in the United States, and F. BAYARD PARKER requested information from J.EDWARDS regarding "delicate issues" involving payment of the purchase money. (*See*, complaint, par. 28) (*See*, Exhibit 3, attached hereto)

10. After discovery by PLAINTIFFS of the fraud, J.EDWARDS repeatedly communicated with PLAINTIFFS counsel by email in response to PLAINTIFFS demands to remove the property from the market and cease and desist its marketing efforts, which continued secretly after J.EDWARDS represented to PLAINTIFFS otherwise. (*See*, complaint, par. 29-37)

11. Two of the three causes of action plead as against J.EDWARDS, specifically involved J.EDWARDS' communications to F. BAYARD PARKER in Florida. <u>Fraud</u>. (*See*, complaint, par. 47) <u>Tortious Interference with Contract</u>. (*See*, complaint, par. 58)

On the same date as the complaint filing, 9 January 2004, summons were issued for the defendants. The summons for J.EDWARDS was issued stating its advertised United States mailing address of 10025 N.W. 116th Way (Suite 2), Medley, Florida 33178. (Docket #1) J.EDWARDS publishes its Florida address on its website, <u>hondurasrealestate.net</u>. (Exhibit 4, attached hereto)

There was no attempt to serve J.EDWARDS at its Florida address. The elected procedure was service on the Florida

-4-

Secretary of State, pursuant to Rule 4, and Fla. Stat. 48.161 and 48.181. The initial summons was rejected by the Florida Secretary of State for the reason that the Secretary of State would not accept service unless the summons was issued as to the defendant in care of the Secretary of State. (Exhibit 5, attached hereto)

On 30 January 2004, the summons as to J.EDWARDS was subsequently reissued in the form requested by the Secretary of State. (Docket #5)

Service of process as to J.EDWARDS was executed on 10 February 2004, which was the date the Secretary of State accepted service. The return of service was filed with this honorable Court on 3 March 2004. (Docket #6) (Exhibit 6, attached hereto)

Along with the return of service, a declaration by the undersigned, Scott M. Moore, Esq., dated 2 March 2004, was filed in support of the executed service, with attached exhibits. (Docket #7) (Exhibit 7, attached hereto)

The documents filed under Docket #s 6, 7, show that the PLAINTIFFS not only carefully followed the law, but exceeded the law:

1. The method of service on the return of service dated 10 February 2004, shows: "Service on Florida Department of State, as substituted service on Century 21 J.Edwards Real Estate, pursuant to Florida Statutes 48.161 and 48.181, as a

non-resident engaged in business in the State of Florida."
(Docket # 6) (*See*, Exhibit 6, attached hereto)

    2.   A letter dated 12 February 2004 from the Florida Secretary of State, states process was accepted for J.EDWARDS and filed on 10 February 2004. The letter references 48.161, 48.181., and was filed with the Declaration of Scott M. Moore, 2 March 2004. (Docket #7) (*See*, Exhibit 6, attached hereto)

    3.   A copy of certified mailing dated 17 February 2004, and the return receipt dated 20 February 2004, in which the undersigned sent a copy of the process to J.EDWARDS to its United States mailing address at 10025 N.W. 116th Way (Suite 2), Medley, Florida 33178, and was filed with the Declaration of Scott M. Moore, 2 March 2004. (Docket #7) (*See*, Exhibit 7, attached hereto) These documents are in the court file, but were not scanned by the clerk into the electronic file because of their irregular size.

    4.   FEDEX airbill, dated 1 March 2004, and a FEDEX website printout showing FEDEX delivery on 2 March 2004, in which the undersigned sent an additional copy of process to J.EDWARDS at its United States mailing address at 10025 N.W. 116th Way (Suite 2), Medley, Florida 33178, and was filed with the Declaration of Scott M. Moore, 2 March 2004. (Docket #7) (*See*, Exhibit 7, attached hereto) This further copy was not required by law, but was to give additional notice, and to drive home the point, to J.EDWARDS, that it had been sued. The FEDEX airbill also is in

-6-

the court file, but was not scanned by the clerk into the electronic file because of its irregular size.

    5.   The declaration of the undersigned, dated 2 March 2004, showing proof of compliance, and of exceeding the requirements, of 48.161(1), to show compliance with said statutory provision for service of process on J.EDWARDS. (Docket #7) (*See*, Exhibit 7, attached hereto)

    After filing the return of service on 3 March 2004, a Certificate of Service was filed for each and every filing with this honorable Court thereafter by PLAINTIFFS, as proof of mailing to J.EDWARDS at its United States mailing address of 10025 N.W. 116th Way (Suite 2), Medley, Florida 33178. The Certificates of Service were either filed as a separate docket entry, or were filed as an attachment to a filing. *See*, Docket #s 10, 17, 21.

    Although not required by law, PLAINTIFF'S service on J.EDWARDS with Plaintiff's Application for Entry of Default as to Defendant Century 21 J.Edwards Real Estate was by certified mailing. (Docket #10) The mailing receipt and return receipt are attached hereto as Exhibit 8.

    Proofs of service on J.EDWARDS continued to be filed after the case was closed and PLAINTIFFS embarked on their current journey to enforce the judgments. *See*, Docket #s 25, 27, 33, 37, 41, 46, 48, 51, 52, 54, 55, 57, 59.

J.EDWARDS made a knowing and tactical decision not to defend this action. J.EDWARDS admittedly thought, erroneously, that service of process was improper. *See*, par. 13, J.EDWARDS' Renewed Motion to Vacate Default Final Judgment and Set aside Default:

> Because service was improper, Edwards Real Estate never filed any responsive pleadings to the complaint.

In support of its motion, J.EDWARDS submits an affidavit by John Edwards. (Docket #96)

John Edwards claims in par. 6:

> Neither Edwards Real Estate nor any officer in the Edwards Real Estate corporation has received a copy of the Summons and Complaint in this action, by U.S. registered mail or otherwise. Nor has Edwards Real Estate received notice of service of process on Edwards Real Estate.

John Edwards claims in par. 18:

> Edwards Real Estate learned of the existence of the Judgment in this case when we were notified by Southwest Bank of Texas that a writ of garnishment had been issued against our bank account.

A comparison of the claim by John Edwards and the representation by J.EDWARDS' counsel shows how crafty, evasive, and incredible is the John Edwards' affidavit. J.EDWARDS' counsel represents a knowing default by J.EDWARDS because of a belief in improper service. There is nothing in the John Edwards' affidavit claiming *lack of actual knowledge* of service of process or of the proceedings. There is a claim of lack of actual knowledge of the *judgment* until seizure of assets, and a

claim of not receiving the summons and complaint. These general and sweeping denials are overwhelmed by the proofs in the case and the representation by J.EDWARDS' own counsel.

J.EDWARDS could simply have ordered destruction of all court documents received at its advertised address at HYDE SHIPPING in *Florida* without forwarding to the *Honduras*, and make the same crafty claim.

With respect to jurisdiction, the same affidavit admits contacts with Florida, even though attempting to use carefully worded and evasive language. *See*, par. 11 (admission of purchases of office supplies and equipment in Florida), par. 13 (use of a Florida freight forwarder for transportation of material purchased in the United States- referencing HYDE SHIPPING). And admits contacts with the United States. *See* par. 11, 13, 17 (admission of maintaining a bank account in the United States). There is a roaring silence by a complete lack of reference in this affidavit as to JACKSON SHIPPING, which this honorable Court has previously held in contempt and further contempt proceedings are underway.

In addition to the pleadings, a number of document exhibits have been previously submitted by PLANITFFS during the garnishment proceedings, showing use by J.EDWARDS of the Florida addresses of its garnishee shipping companies, HYDE SHIPPING CORP. and JACKSON SHIPPING, in an umbilical cord type relationship from the Honduras to Florida.

1. *See*, Affidavit of Due Diligence by APR International, 18 October 2004, attached to Plaintiffs' Motion for Writ of Garnishment. (Docket #27) (Exhibit 9, attached hereto)

2. *See*, United States mailing address on the website www.hondurasrealestate.net of J.EDWARDS, attached to Plaintiffs' Motion for Writ of Garnishment. (Docket #27) (*See*, Exhibit 4, attached hereto)

*3.* *See*, documents produced by HYDE SHIPPING and previously attached to Plaintiffs' Motion for Order to Compel as to Hyde Shipping Corp., Garnishee. (Docket #55): Hybur, Ltd. Invoice, 23 February 2004, (Exhibit 10, attached hereto) (listing J.EDWARDS' affiliate Parrot Tree Plantation at both its Honduran address, and at the Florida address of HYDE SHIPPING CORP.); J.EDWARDS' check #5421, 1 March 2004, drawn on SOUTHWEST, (Exhibit 11, attached hereto) (listing J.EDWARDS' address at the Florida address of HYDE SHIPPING); Hybur Ltd. international bill of lading, 9 July 2001, (Exhibit 12, attached hereto) (listing J.EDWARDS' Honduran address for items purchased in the United States); Hybur Ltd. International bill of lading, 27 July 2000, (Exhibit 13, attached hereto) (listing J.EDWARDS' Honduran address for items purchased in the United States).

*4.* *See*, Exhibits previously attached to Plaintiffs' Motion for Order to Compel as to Jackson Shipping, Garnishee. (Docket #48): J.EDWARDS registration of hondurasrealestate.net at Florida address of JACKSON SHIPPING, (Exhibit 14, attached

hereto); J.EDWARDS registration of mayanprincess.net at Florida address of JACKSON SHIPPING (Exhibit 15, attached hereto); J.EDWARDS registration of parrot-tree.net at Florida address of JACKSON SHIPPING (Exhibit 16, attached hereto); J.EDWARDS registration of mayanprincess.com at Florida address of HYDE SHIPPING CORP., listing J.EDWARDS' office manager as administrative contact (Exhibit 17, attached hereto); J.EDWARDS' affiliate Playa Hermosa's registration of parrottreeplantation.com at Florida address of HYDE SHIPPING (Exhibit 18, attached hereto); Century 21 website, www.century21, printout of J.EDWARDS' office information in Honduras, listing its manager, Al Johnson, and its website, www.hondurasrealestate.net (Exhibit 19, attached hereto); and J.EDWARDS' homepage at its website, www.hondurasrealestate.net, stating J.EDWARDS was established in 1992, is Roatan's largest real estate company, its principal is John Edwards, it acquired the Century 21 franchise in 2000, and listing affiliated businesses (Exhibit 20, attached hereto).

Additional evidence of J.EDWARDS' contacts with Florida is shown by comparing J.EDWARDS' Second Motion to Dissolve Writ of Garnishment, or in the Alternative, to Maintain Limit on Writ of Garnishment (Docket #72), the affidavit of John Edwards (Docket #96), and the Answer to Writ of Garnishment filed by SOUTHWEST (Docket #67).

John Edwards admits that J.EDWARDS owns a bank account in the United States, at SOUTHWEST. (*See*, par. 17, Docket #96) And the mailing address for that bank account is at the Florida address of HYDE SHIPPING. J.EDWARDS' motion to limit the writ represents that the account number of the bank account owned by J.EDWARDS is "79 038 570 01" (*See*, par. 14, Docket #72) The Answer filed by SOUTHWEST identifies that same account number in J.EWARDS' name at the Florida mailing address at HYDE SHIPPING. (See, par. 3(A), Docket #67) J.EDWARDS' check #5421 drawn on SOUTHWEST, obtained in discovery from HYDE SHIPPING shows the same Florida address. (See, Exhibit 11, attached hereto)

Interestingly, SOUTHWEST'S Answer identifies all the named accounts to have the same owner. (*See*, par. 5, Docket #67) All the accounts have the same Florida address at HYDE SHIPPING, save one. And that one is identified by SOUTHWEST in the name of John G. Edwards and Jackson Shipping. (*See*, par. 3(A), Docket #67) JACKSON SHIPPING has a Florida address, and is currently in contempt proceedings.

The pleadings, and the evidence presented in this action clearly show J.EDWARDS is doing business in the United States generally, and in the State of Florida specifically. The carefully worded and evasive affidavit of John Edwards with its sweeping generalizations and sharp turns is incredible and overwhelmed by the proofs.

## III.
## ANALYSIS

Service of process was valid as to J.EDWARDS, and this honorable Court has personal jurisdiction over J.EDWARDS.

J.EDWARDS knowingly suffered the default judgments to be entered, and should not now be heard to successfully collaterally attack the judgments in defense of PLAINTIFF' actions to enforce the judgments. This would result in leading PLAINTIFFS to waste time, money, and judicial resources in pursing their causes of action. *See*, *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (Affirming District Court's denial of a Rule 60 (b) motion for relief from default judgment on the basis of lack of service of process, where defendants had actual notice of the proceedings by appearance of counsel, and affidavit of defendants did not state they were unaware of the suit against them.)

The burden of proof in a Rule 60(b)(4) motion rests with the defendant, and J.EDWARDS has not met its burden. *See, Worldwide Web Systems v. Feltman*, 328 F. 3d 1291, 1298-1299 (11th Cir. 2003)

A.   Service of process.

Rules 4 (e), (h)(1) of the Federal Rules of Civil Procedure permits use of the long arm statute of the State of Florida.

Service of process on a foreign defendant under an international convention is not mandatory, as contended by J.EDWARDS. Service of process in the United States on a foreign defendant is a permissible option under Rule 4. Service of process in the United States on a foreign defendant does not

-13-

implicate an international treaty. *See, Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)(The Hague Service Convention did not control and was not implicated, when a foreign defendant was served in the United States under Illinois state law); *Melia v. Les Grands Chais de France*, 135 F.R.D. 28 (D.R.I. 1990)(Service on a foreign defendant was valid, when the defendant was served by means of substituted service under a Rhode Island state procedure, with the secretary of state being the statutory agent for service for a foreign corporation that transacted business in the state but failed to appoint a registered agent within the state.)

Rule 4(e)(1) provides:

> Unless otherwise provided by federal law, *service upon an individual* from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, *may be effected in any judicial district of the United States*:
>
> (1) *pursuant to the law of the state in which the district court is located*, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; [emphasis added]

Rule 4(h)(1) provides:

> Unless otherwise provided by federal law, *service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name*, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) *in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1)*, or by delivering a copy of

-14-

>           the summons and of the complaint to an officer, a
>           managing or general agent, or to any other agent
>           authorized by appointment or by law to receive
>           service of process and, if the agent is one
>           authorized by statute to receive service and the
>           statute so requires, by also mailing a copy to
>           the defendant, [emphasis added]

Rule 4(h)(1) provides the option that service of process upon corporations and associations, whether domestic or foreign, may be had pursuant to Rule 4(e)(1) for individuals, which in turn provides the option that service may be pursuant to the law of the state in which the district court is located.

In the present case, this honorable Court sits in the State of Florida. Therefore, service of process upon J.EDWARDS, an entity organized under the laws of Honduras, may be had pursuant to the law of Florida.

Florida has two types of long-arm statutes. Fla. Stat. 48.181 (doing business), and Fla. Stat. 193 (enumerated). *See, Seaboard Coast Line R.R. Co. v. Swain*, 362 So. 2d 17, 18 (Fla. 1978); *Oboussier-Lowe v. Kuehne & Nagel*, 531 So. 2d 249, 250 (Fla. Dist. Ct. App. 5th 1988). Fla. Stat. 48.181 may be used in conjunction with 48.161.

Fla. Stat. 48.181(1) provides, in pertinent part:

>           The acceptance by any person or persons, individually
>           or associated together as a copartnership or any other
>           form or type of association, who are residents of any
>           other state or country, and all foreign corporations,
>           … of the privilege extended by law to nonresidents and
>           others to operate, conduct, engage in, or carry on a
>           business or business venture in the state, or to have
>           any office or agency in the state, constitutes an

-15-

> appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

When serving process under statutes authorizing service on nonresidents of Florida, the plaintiff must plead the actual statutory language, or allegations of the ultimate facts that invoke the statute. *See, Farouki v. Attel et CIE*, 682 So. 2d 1185 (1996)(Plaintiff failed to plead the required statutory language or to allege ultimate facts to invoke 48.181(1))

The minimum contacts necessary to plead to give rise to doing business or engaging in a business venture under 48.181(1) may consist of a single act with the intention of thereby initiation a series of acts. *See, Cohl v. A.B.L. Realty Corp.*, 384 So. 2d 1351, 1355 (1980)(Pleading a single real estate transaction in Florida by a foreign corporation shows minimum contacts to invoke 48.181(1))

The long arm statute Fla. Stat. 48.181 permits process to be served upon the Secretary of State.

In turn, Fla. Stat. 48.161(1) provides a procedure for substituted service pursuant to 48.181(1):

> When authorized by law, substituted service of process on a nonresident or a person who conceals his or her

-16-

>whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $ 8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, ….

48.181(1) provides the statutory presumption of a person doing business in the state as appointing the Secretary of State as agent for service of process. 48.161(1) provides that service is sufficient on a defendant under this presumption.

Section 48.161(1) provides the following permissible procedure, which was carefully followed by PLAINTIFFS:

1) mailing the copies of process by certified mail with a required fee of $8.75 to the public officer (here, the Secretary of State as authorized by 48.181(1)), and

2) forthwith sending a notice of service and a copy of the process by certified or registered mail to the defendant, and

3) filing the defendant's return receipt and an affidavit of the plaintiff's attorney of compliance with the court.

A defendant bears the burden of making a *prima facie* showing of failure to comply with the statutory directives under 48.161. In the event this burden is met, the burden shifts to

the plaintiff invoking the long arm statute. *See, George Fischer, Limited v. Plastiline, Inc.*, 379 So. 2d 697 (1980)(Defendant failed to make a prima facie showing of improper service under 48.161, where statute only requires the documents to be mailed to the defendant, and does not require the documents to be sent to some officer of a corporation upon whom process may be served.)

PLAINTIFFS plead in their complaint that J.EDWARDS was a non-resident entity organized under the laws of Honduras, doing business in Florida. PLAINTIFFS further plead a litany of facts to establish that J.EDWARDS operated, conducted, engaged in, and carried on its business and business venture in Florida, and the action arose out of, and was incidental to, J.EDWARDS' representation of the co-defendant resident of Florida, F. BAYARD PARKER. Therefore, PLAINTIFFS were entitled to invoke Fla. Stat. 48.181(1).

The facts alleged in the complaint were backed up by exhibits later submitted during garnishment proceedings. Under 48.181(1), this conduct by J.EDWARDS constituted an appointment of the Florida Secretary of State as its agent for service of process, which is of the same validity as if J.EDWARDS was personally served. Process was served not only with strict adherence to the requirements of Fla. Stat. 48.161(1), but was exceeded by additionally sending a copy of process via federal

-18-

express. PLAINTIFFS sent a copy of all subsequent filings to J.EDWARDS.

B.   Personal Jurisdiction

This honorable Court's exercise of personal jurisdiction over J.EDWARDS must comply with due process considerations. The exercise of personal jurisdiction must be consistent with traditional notions of fair play and substantial justice. *See, International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The defendant must have minimum contacts with the forum state. *See, World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The contacts with the forum state are sufficient if the defendant should reasonably anticipate being haled into court there. *See, World-Wide Volkswagen*, 444 U.S., at 297. In measuring contacts, the court should look to the totality of the contacts. *See, Bigelow-Sanford, Inc. v. Gunny Corp.*, 649 F.2d 1060, 1063 (5th Cir. 1981).

The defendant should reasonably anticipate being haled into court in the forum state, where the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *See, Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The inquiry is whether the non-resident defendant "has 'purposefully directed' his activities at residents of the forum … and the litigation results from alleged injuries that 'arise

out of or relate to' those activities." [citations omitted] *Burger King Corp.*, 471 U.S., at 472. The burden of establishing that the forum is fundamentally unfair is on the defendant. *Burger King Corp.*, 471 U.S., at 482.

The proofs show J.EDWARDS purposely directed its real estate activities in Florida, a capacity out of which this litigation arose, availed itself of the benefits and protections of Florida, and reasonably anticipated being haled into court in Florida.

## RELIEF REQUESTED

WHEREFORE, FOR THE FOREGOING REASONS, NICHOLAS H. PARKER, PLAINTIFF, and JOHN S. PARKER, PLAINTIFF, respectfully requests this honorable Court to deny J.EDWARDS REAL ESTATE, DEFENDANT'S, Renewed Motion to Vacate Default Final Judgment and Set Aside Default.

Dated:    8 April 2005

Respectfully submitted,



_____
Scott Michael Moore, Esq.
MOORE INTERNATIONAL LAW OFFICES
A Professional Corporation
45 Rockefeller Plaza, Suite 2000
T. 212-332-3474
F. 212-332-3475
E. smm@MILOPC.com

Counsel for Nicholas H. Parker,
and John S. Parker, Plaintiffs
