**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NICHOLAS H. PARKER, and
JOHN S. PARKER,

    Plaintiffs,

v.                                                   CASE NO: 8:04-cv-41-T-26MSS

F. BAYARD PARKER, CENTURY 21
J. EDWARDS a/k/a J. EDWARDS REAL
ESTATE,

    Defendants,

v.

BANK OF AMERICA, et al.,

    Garnishees.
_____/

## **O R D E R**

        Before the Court are the Renewed Motion to Vacate Default Final Judgment and Set Aside Default filed by Defendant J. Edwards Real Estate, S.A. (Dkt. 88), the affidavit of John Edwards filed in support (Dkt. 96), and Plaintiffs' Memorandum of Law in Opposition. (Dkt. 100). After careful consideration of the arguments made and the file, the Court concludes that the Default Final Judgment should be vacated and the Clerk's default set aside.

        Plaintiffs attempted to obtain service of process of the Complaint on Defendant J. Edwards Real Estate, S.A. a/k/a J. Edwards Real Estate (Edwards Real Estate). Edwards

Real Estate is a foreign business organized under the laws of the Republic of Honduras (Honduras) with its principal place of business in Honduras. See affidavit of John Edwards at docket 96. Edwards Real Estate has no offices in Florida and does not own, use, possess, or hold a mortgage or other lien on real property in Florida. (Dkt. 96). Consequently, Edwards Real Estate has not designated Florida's Secretary of State as a registered agent for purposes of accepting service of process. (Dkt. 96).

Plaintiffs first attempted service of process at an address in Florida for Hyde Shipping, an unrelated company.[1] Plaintiffs next attempted service in Tallahassee, Florida, on the Secretary of State. Finally, Plaintiffs mailed via certified mail, return receipt requested, a copy of the service of process acceptance letter by the Secretary of State of Florida, a copy of the Summons, Complaint, and Notice of Designation to Edwards Real Estate "c/o Hyde Shipping Corp., 10025 N.W. 116th Way, Suite 2, Medley, Florida, 33178." (Dkt. 100 at Exh. 7, Declaration of Scott Moore, para. 4). Edwards Real Estate did not learn of this lawsuit until Southwest Bank of Texas notified John Edwards of the writ of garnishment issued against the company's bank account. (Dkt. 96).[2]

---

[1] A due-diligence affidavit made by a private investigator averred that the Hyde Shipping address "was really that of a shipping company that [Edwards Real Estate] appear[s] to maintain in order to ship goods to and from the United States and Honduras" and further opined that "no identifiable assets associated with [Edwards Real Estate]" could be found at the address. (Dkt. 100 at Exh. 9).

[2] Plaintiffs have attached a copy of a business check written on an account at Southwest Bank of Texas which shows the account owner as "J. Edwards Real Estate" with the following address imprinted beneath the name: "10025 N.W. 116th Way, Ste. 2, Medley, Florida 33178." (Dkt. 100 at Exh. 11).

If the various methods of attempting service of process were unauthorized and improper, thereby rendering the final default judgment void, the judgment may be vacated and the underlying clerk's default set aside.  See Fed.R.Civ.P. 60(b)(4); Davies v. Midwestern Corp., 214 F.R.D. 699, 700 (M.D. Fla. 2003) (citing In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003)).  Plaintiffs contend that service was proper substituted service on a foreign corporation pursuant to Federal Rule of Civil Procedure 4 and sections 48.161 and 48.181 of the Florida Statutes.  Edwards Real Estate contends that service could have been effected only through letters rogatory as required by the Vienna Convention, citing Rule 4(f)(1).  Alternatively, serving Florida's Secretary of State and subsequently mailing copies of the Summons and Complaint to the address of an unrelated business in Florida, Edwards Real Estate asserts, does not meet the strict requirements of Florida's long-arm statutes.

The applicable rules for service of process on an international entity located outside the United States are Rule 4(f) and 4(h).  Rule 4(f) covers individuals in a foreign country, and Rule 4(h) includes service on unincorporated entities in foreign countries.  See Prewitt Enters., Inc. v. Organization of Petroleum Exp. Countries, 353 F.3d 916, 921 (11th Cir. 2003), cert. denied, 125 S.Ct. 62 (2004).  Edwards Real Estate asserts that it falls under Rule 4(h), specifically subsection (2) which provides that service shall be effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery."  Id.  Thus, according to Edwards Real Estate, service on Edwards Real Estate may be effected by

any manner authorized under Rule 4(f) for individuals in a foreign country, excepting personal delivery.

Rule 4(f) permits service "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Edwards Real Estate asserts that the Vienna Convention on Consular Relations, to which both Honduras and the United States are signatories, permits service through letters rogatory. Plaintiffs do not deny this allegation; they simply argue that Rule 4(h)(1) permits service on a foreign entity "in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Thus, asserts Plaintiffs, Florida's long-arm statutes may be employed.

Plaintiffs assert the applicability of two of Florida's long-arm statutes: section 48.181(1) and section 48.161. Section 48.181(1) provides essentially that a foreign corporation which accepts the privilege to engage in or carry on business in Florida "constitutes appointment by the . . . foreign corporation[] of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, . . . may be served." Section 48.161 provides for substituted service on a nonresident if the allegations of the complaint establish that the nonresident company was doing business in

Florida and that the actions sued for arose from the particular business activities.  See Tire Group Int'l, Inc. v. Confianca Mudancas & Transportes, 776 So.2d 1057, 1058-59 (Fla.Dist.Ct.App. 2001).  Florida law takes into consideration federal constitutional minimum contacts for due process purposes.  Id. at 1059.

In this action based on diversity jurisdiction, Plaintiffs have two options: (1) serve Edward Real Estate, a foreign entity, in Honduras pursuant to Rule 4(f)(1), or (2) serve Edward Real Estate in the Middle District of Florida pursuant to Florida's long-arm statutes.  See Fed.R.Civ.P. 4(e)(1).  Plaintiffs attempted only the second method to effectuate service.  Thus, Plaintiffs must comply with sections 48.181 and 48.161 of the Florida Statutes as set forth above.

Plaintiffs have sued Edwards Real Estate for fraud connected with representations made to cease marketing for sale certain real property located in Honduras, for tortious interference with a settlement agreement by continuing to market the property, for negligent misrepresenting that the property was no longer being marketed, and for conspiracy with Defendant F. Bayard Parker to "secretly sell the property with the proceeds to be paid secretly and solely to F. Bayard Parker, Defendant." (Dkt. 1 at para. 68).  The counter affidavit of John Edwards, as the sole administrator of Edwards Real Estate, avers that no officer of the Honduran company ever received a copy of the Summons and Complaint, nor has the company received notice of service of process on Edwards Real Estate. (Dkt. 96 at para. 6).  The affidavit denies with specificity that

Edwards Real Estate conducts business in Florida, and avers that it maintains only one bank account in Texas, not Florida.

After careful consideration, the Court finds that Plaintiffs have not satisfied the prerequisites for service of process by the substituted method under Florida law. Plaintiffs, however, may obtain service on Edwards Real Estate in Honduras, and Edwards Real Estate may again raise lack of personal jurisdiction in its response to the Complaint, once served.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Edwards Real Estate's Renewed Motion to Vacate Default Final Judgment and Set Aside Default (Dkt. 88) is **GRANTED.** The Clerk shall vacate the Default Final Judgment and set aside the Clerk's default.

(2) Plaintiffs shall effectuate service of process on Edwards Real Estate in Honduras pursuant to Rule 4(h) and 4(f)(1) and file a properly executed return of service within thirty (30) days from the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on April 13, 2005.

s/
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record