# United States Court of Appeals

For the Eleventh Circuit

---

No. 05-15231

District Court Docket No.
04-00041-CV-T-26-MSS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jun 8, 2006

THOMAS K. KAHN
CLERK

---

NICHOLAS H. PARKER,
an individual and citizen and resident of California, U.S.A.,
JOHN S. PARKER,
an individual and citizen and resident of California, U.S.A.,

    Plaintiffs-Appellants,

versus

CENTURY 21 J. EDWARDS REAL ESTATE,
a business entity organized under the laws of the Republic of Honduras,
with its principal place of business and residence in the Republic of Honduras,
a.k.a.
J. Edwards Real Estate,

    Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 0 7 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:  June 8, 2006
For the Court:  Thomas K. Kahn, Clerk
By:  Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-15231

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00041-CV-T-26-MSS

NICHOLAS H. PARKER, an individual and
citizen and resident of California, U.S.A.,
JOHN S. PARKER, an individual and citizen
and resident of California, U.S.A.,

                              Plaintiffs-Appellants,

versus

CENTURY 21 J. EDWARDS REAL ESTATE,
a business entity organized under the laws of the
Republic of Honduras, with its principal place
of business and residence in the Republic of Honduras,
a.k.a. J. Edwards Real Estate,

                              Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(June 8, 2006)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Appellants Nicholas H. Parker and John S. Parker appeal the district court's order dismissing without prejudice their suit against Century 21 J. Edwards Real Estate (J. Edwards) for failure to effectuate service of process. Specifically, the Parkers contend the district court erred when it determined J. Edwards does not engage in "a business or business venture" in Florida under Florida Statutes § 48.181(1), and, therefore, falls outside Florida's long-arm jurisdiction.

Under § 48.181(1), if a foreign corporation "operate[s], conduct[s], engage[s] in, or carr[ies] on a business or business venture" in Florida, then it automatically appoints Florida's Secretary of State to accept service of process on its behalf. We must strictly construe § 48.181(1), *see Esberger v. First Fla. Bus. Consultants*, 338 So. 2d 561, 562 (Fla. Dist. Ct. App. 1976), and, once a defendant presents evidence that it is not doing business in Florida, a party who seeks to serve process under § 48.181(1) "has the burden of presenting facts which clearly justify the applicability of the statute," *AB CTC v. Morejon*, 324 So. 2d 625, 627 (Fla. 1976). Moreover, cases involving § 48.181(1)'s "business or business venture" language "must be resolved on the basis of the facts revealed by the record in the particular case." *Horace v. Am. Nat'l Bank & Trust Co. of Fort Lauderdale*, 251 So. 2d 33, 34 (Fla. Dist. Ct. App. 1971).

In *Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Management*, the court considered whether a New York corporation operated or engaged in "a business or business venture" for purposes of Florida's long-arm jurisdiction.[1] 726 So. 2d 313, 314 (Fla. Dist. Ct. App. 1999). The New York corporation submitted affidavits stating it "ha[d] no physical presence in Florida; it ha[d] no offices, post office box, telephone, employees, bank account, or property of any kind in Florida. It [did] not solicit business in Florida." *Id.* The court held the New York corporation did not fall within Florida's long-arm jurisdiction because "[t]hese facts do not show a 'general course of business activity in the state for pecuniary benefit.'" *Id.* (quoting *April Indus., Inc. v. Levy*, 411 So. 2d 303, 305 (Fla. Dist. Ct. App. 1982)).

Similarly, in this appeal, John Edwards, J. Edwards' sole administrator, submitted an affidavit asserting J. Edwards (1) does not deal in real estate located in Florida; (2) does not maintain offices or have any other physical presence in Florida; (3) does not employ anyone in Florida; (4) has no telephone listings in Florida; (5) does not have a bank account in Florida; (6) does not file taxes in

---

[1] *Travel Opportunities* addresses § 48.193(1)(a), which also allows long-arm jurisdiction over a foreign corporation that "operate[s], conduct[s], engage[s] in, or carr[ies] on a business or business venture" in Florida. Because §§ 48.181(1) and 48.193(1)(a) contain identical language, the Florida courts have held "decisions as to what constitutes doing business under section 48.181 should apply to section 48.193(1)(a)." *Hill v. Lakeland Downtown Dev. Auth.*, 529 So. 2d 316, 317 (Fla. Dist. Ct. App. 1988). *Travel Opportunities* thus applies to this appeal.

Florida; (7) has not designated the Florida Secretary of State as its agent for any purpose; (8) does not collect money in Florida; (9) does not transmit money or goods in Florida; (10) does not advertise or solicit business in Florida (except over its universally accessible Internet website); and (11) does not sell, consign, or lease tangible or intangible personal property in Florida.

The Parkers do not dispute the eleven key facts set forth in John Edwards' affidavit. Instead, they argue three other facts establish J. Edwards engages in "a business or business venture" in Florida: J. Edwards (1) exchanged three e-mails with F. Bayard Parker, who was a Florida resident; (2) uses Florida-based freight forwarders to ship some of its office supplies into Honduras; and (3) provides the contact information of Florida-based freight forwarders on its websites and on checks it draws from its account with Southwest Bank of Texas.

Considering the relevant facts, and recognizing the need to strictly construe § 48.181(1), we conclude the Parkers have failed to show J. Edwards engages in "a business or business venture" in Florida. Neither the facts stated in John Edwards' affidavit nor the facts highlighted in the Parkers' brief demonstrate a general course of business activity in Florida for pecuniary benefit. Accordingly, the district court did not err when it dismissed without prejudice the Parkers' suit against J. Edwards for failure to effectuate service of process.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals
Eleventh Circuit

By:
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

July 07, 2006

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA FL 33602-3849

**Appeal Number: 05-15231-AA**
Case Style: Nicholas H. Parker v. F. Bayard Parker
District Court Number: 04-00041 CV-T-26-MSS

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: two volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)